# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
SALUSSOLIA, SALADINO, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant KERI L. DAVIS**
**United States Army, Appellant**

ARMY 20170561

Headquarters, Fort Stewart
David Robertson, Military Judge
Colonel Michael D. Mierau, Jr., Staff Judge Advocate

For Appellant: Captain Steven J. Dray, JA; William E. Cassara, Esquire (on brief and reply brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Hannah E. Kaufman, JA; Major Marc B. Sawyer, JA (on brief).

7 May 2019

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

On appeal, appellant contends he was improvident to adultery, Specification 1 of Charge III, because the military judge did not elicit an adequate factual basis to establish appellant's adulterous encounter with SH was of a nature to bring discredit upon the armed forces.[1] We agree.

---

[1] Following mixed pleas, a military judge sitting as a general court-martial convicted appellant of one specification of willfully disobeying a lawful order, two specifications of aggravated sexual assault of a child over the age of twelve, two specifications of sodomy of a child under the age of sixteen, and two specifications of adultery, in violation of Articles 92, 120, 125, and 134, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 892, 920, 925, and 934. The military judge sentenced appellant to a dishonorable discharge and confinement for seven years. The

(continued . . .)

DAVIS—ARMY 20170561

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). A guilty plea will only be set aside if we find a substantial basis in law or fact to question the military judge's acceptance of the plea. *See id.* at 322. (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)).

To properly plead guilty to adultery with SH, in violation of Article 134, UCMJ, appellant was required to admit: (1) he wrongfully had sexual intercourse with SH; (2) either he or SH were married to someone else; and (3) that, under the circumstances, his conduct was of a nature to bring discredit upon the armed services. *MCM*, pt. IV, ¶ 62.(b). "Discredit," in the context of an adultery charge, means "to injure the reputation of the armed forces and includes adulterous conduct that has a tendency, *because of its open or notorious nature*, to bring the service into disrepute, make it subject to public ridicule, or lower it in public esteem." *MCM*, pt. IV, ¶ 62.c.(2) (emphasis added). Although appellant was not required to admit his adulterous conduct actually damaged the reputation of the military, *see United States v. Phillips*, 70 M.J. 161, 166 (C.A.A.F. 2011); *United States v. Saunders*, 59 M.J. 1, 11 (C.A.A.F. 2003), adulterous conduct that is "private and discreet in nature may not be service discrediting by this standard . . . ." *MCM*, pt. IV, ¶ 62.c.(2).

During appellant's providence inquiry, he admitted engaging in sexual intercourse with SH, a former friend of his step-daughter. Appellant admitted that the sexual act occurred while he was married to someone else, not SH. Appellant explained that he and SH had sexual intercourse, while she was an adult civilian, in the privacy of appellant's home. Appellant did not indicate that any soldier or civilian knew he engaged in sexual intercourse with SH. Rather, the factual basis for admitting that his conduct was service discrediting rested on appellant's agreement with the military judge's statement that appellant's adultery would bring discredit upon the armed forces, "[i]f a member of the public became aware that [appellant was] having sexual intercourse with an eighteen-year-old girl that was a high school friend of [appellant's] stepdaughter." When asked by the military judge why he felt his conduct was service discrediting, appellant replied, "[P]eople see soldiers as the light of the—you know, they see us as a hero. They see us as someone to look up to, and for someone to find out something like that, that would bring discredit."

---

(. . . continued)
convening authority approved the sentence as adjudged, waiving automatic forfeitures of pay and allowances for six months from the date of action.

After due consideration, appellant's other assigned errors and matters personally submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1992), do not merit discussion nor relief.

2

DAVIS—ARMY 20170561

We are not satisfied appellant's descriptions of the circumstances surrounding his adultery and his conclusory statement evinced his understanding, knowing, and voluntary admission that his conduct was of a nature to bring discredit upon the armed forces. *See, e.g., United States v. Care*, 18 U.S.C.M.A. 535, 539, 40 C.M.R. 247 (1969) (guilty plea not truly voluntary unless defendant possesses an understanding of the law in relation to the facts). To be clear, it is not this court's opinion that discrete adultery cannot be service discrediting. Rather, this court finds the factual predicate articulated during appellant's providence inquiry insufficient to establish the requirements for service discrediting conduct as defined for this specific Article 134 offense. Accordingly, we set aside appellant's adultery conviction, in Specification 1 of Charge III, in our decretal paragraph.

**CONCLUSION**

On consideration of the entire record, the finding of guilty to Specification 1 of Charge III is SET ASIDE and DISMISSED. The remaining findings of guilty are AFFIRMED.

We reassess the sentence in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986). Appellant's affirmed offenses are of the type that this court has the experience and familiarity with to reliably determine what sentence the military judge would have imposed absent appellant's conviction for adultery. The gravamen of appellant's misconduct is his repeated sexual assault of his minor step-daughter, SA, resulting in him fathering SA's child. For the sexual assaults and sodomy of SA alone, appellant's maximum punishment was eighty years of confinement. Additionally, appellant remains convicted of another specification of adultery and failure to obey a lawful order from his company commander. We find the dismissal of appellant's conviction for adultery with SH, an offense carrying a maximum punishment of one year of confinement, does not constitute a dramatic change in the penalty landscape. We are confident the military judge would have adjudged a sentence at least as severe as the approved sentence absent appellant's conviction for adultery with SH. Accordingly, we AFFIRM the approved sentence.

All rights, privileges, and property of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered to be restored. *See* UCMJ art. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3